IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICANS UNITED FOR SEPARATION OF CHURCH AND STATE<br>1310 L Street NW, Suite 200<br>Washington, DC 20005<br>    *Plaintiff*,<br><br>          *v.*<br><br>UNITED STATES DEPARTMENT OF STATE<br>2201 C Street, NW<br>Washington, DC 20520-0000<br><br><br>            *Defendant*. | Civil Action No. 1:25-cv-2547 |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

1. The United States was built on principles of religious toleration. When the federal government acknowledges and protects religious pluralism, our multi-cultural democracy thrives.

2. Defendant United States Department of State ("State Department"), the nation's lead foreign affairs agency that operates in culturally and religiously diverse environments around the world, employs individuals of all faiths and none—including Christians, Muslims, Jews, Sikhs, Hindus, Buddhists, humanists, and atheists—who work at home and in posts abroad. The State Department is obligated to uphold and respect the religious freedom of its diverse personnel.

3. In February 2025, President Trump issued an Executive Order on "Eradicating Anti-Christian Bias"—drawing on misleading and decontextualized anecdotes—that accused the State Department and other federal agencies of targeting Christians while ignoring anti-Christian offenses. In response to the Executive Order, the State Department began collecting information about ostensible instances of anti-Christian bias. The State Department sent out a cable to all U.S. diplomatic missions requesting that its employees worldwide report alleged instances of anti-Christian bias during the Biden administration through an anonymous tip form, which was to be submitted to the State Department's Office of Civil Rights.[1]

4. Plaintiff Americans United for Separation of Church and State ("Americans United") is a nonprofit organization that defends religious plurality and fights to preserve the constitutional guarantee of religious neutrality. For nearly eighty years, Americans United has engaged in legal and advocacy work to ensure that religious freedom operates as a shield to protect all Americans, and never as a weapon to suppress or punish divergent views.

---

[1] Matthew Lee, *State Department Wants Staff to Report Instances of Alleged Anti-Christian Bias During Biden's Term*, Associated Press (Apr. 13, 2025), https://apnews.com/article/state-department-religion-doge-rubio-trump-christian-biden-4fdb73a0cbf5651789b1aced667c2aba.

5. To better understand how the State Department—and the federal government writ large—is defining and investigating anti-Christian bias, Americans United submitted a Freedom of Information Act ("FOIA") request to the State Department in May 2025. This request asked for data on instances of anti-Christian bias within the State Department, as well as records that the State Department considered in formulating its response to the Executive Order, including records considered in the development of an internal agency task force to investigate anti-Christian bias.

6. To date, the State Department has not made any substantive determination with respect to Americans United's FOIA request. Americans United brings this action under the FOIA to compel production of these important records.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over this matter pursuant to the FOIA, 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

8. Venue is proper in this district pursuant to the FOIA, 5 U.S.C. § 552(a)(4)(B).

## PARTIES

9. Plaintiff Americans United is a 501(c)(3) nonprofit organization headquartered at 1310 L Street NW, Suite 200, Washington, DC 20005.

10. Defendant State Department is a federal agency responsible for foreign affairs, diplomacy, and the promotion of United States interests globally, headquartered at 2201 C Street NW, Washington, DC 20520-0000.

## STATEMENT OF FACTS

### A. Americans United's Work to Ensure Government Neutrality Toward Religion

11. Americans United is a nonprofit, mission-driven organization dedicated to ensuring religious neutrality at all levels of government and to protecting the constitutionally mandated

2

separation of church and state. Using a combination of advocacy, community outreach, and litigation, Americans United fights for freedom without favor and equality without exception.

12. Disseminating information to its 445,000+ supporters is an integral component of Americans United's mission. Americans United publishes a monthly magazine, *Church & State*, which highlights key issues and current events impacting the relationship between government and religion. And it regularly publishes articles on its online blog, *Wall of Separation*, to improve public understanding of the ways in which government involvement in religion affects us all.

13. To engage in its mission-driven work, Americans United utilizes FOIA requests, such as the request underlying this lawsuit, to improve our understanding of government policies that affect, promote, or discriminate among religions.[2] Information obtained through FOIA requests informs Americans United's public-facing advocacy and communications.

**B. Executive Order 14202 and the State Department's Response**

14. In February 2025, President Trump issued Executive Order 14202 on "Eradicating Anti-Christian Bias." This Order accused the Biden administration of targeting Christians and ignoring anti-Christian discrimination, particularly in the context of high-profile issues such as abortion access and transgender rights. Exec. Order 14202, 90 Fed. Reg. 9365 (Feb. 6, 2025).

---

[2] *See, e.g.*, Ams. United for Separation of Church & State, *AU Sues Trump Administration Over Anti-Christian Bias Task Force* (June 12, 2025), https://www.au.org/the-latest/press/anti-christian-bias-veterans-lawsuit/; Ams. United for Separation of Church & State, *Americans United Files Request Seeking Info on DOJ Task Force* (Dec. 1, 2018), https://www.au.org/the-latest/church-and-state/articles/americans-united-files-request-seeking-info-on/; Ams. United for Separation of Church & State, *AU Files Request for Trump Administration Documents About Religious Exemptions* (May 1, 2017), https://www.au.org/the-latest/church-and-state/articles/au-files-request-for-trump-administration-documents/.

3

15. In the name of "protecti[ng] the freedom of Americans and groups of Americans to practice their faith in peace," Executive Order 14202 mandated the creation of an "Anti-Christian Bias" Task Force. *Id.* at 9366.

16. The Anti-Christian Bias Task Force consists of the heads of various federal agencies, including the Secretary of State.

17. The Anti-Christian Bias Task Force was instructed to "review the activities of all executive departments and agencies" to "identify any unlawful anti-Christian policies, practices, or conduct by an agency" and to recommend termination of any such policies. *Id.*

18. In addition, the Anti-Christian Bias Task Force was instructed to "identify deficiencies in existing laws and enforcement and regulatory practices that have contributed to unlawful anti-Christian governmental or private conduct" and "recommend . . . any additional Presidential or legislative action necessary to rectify past improper anti-Christian conduct [and] protect religious liberty[.]" *Id.* at 9367.

19. The government-wide task force created by the Executive Order was set to meet on or around April 22 to "discuss its initial findings."[3]

20. Executive Order 14202 does not define what it means to be "anti-Christian," nor does it specify the criteria used to identify anti-Christian policies, practices, or conduct.

---

[3] *See* Robbie Gramer & Nahal Toosi, *State Employees to Report on One Another for 'Anti-Christian Bias'*, Politico (Apr. 11, 2025), https://www.politico.com/news/2025/04/11/state-report-anti-christian-bias-033535.

21. Christians are not a monolith and do not share a universal set of theological or social beliefs. For example, views on abortion and transgender rights vary widely between Christian denominations and among individual Christians.[4]

22. As a result, the general public lacks clarity on how federal agencies—including the State Department—will decide which policies or practices are "anti-Christian."

23. In or around April 2025, the State Department announced that it would start collecting information to investigate purported instances of anti-Christian bias and report its findings to the government-wide task force.

24. In an internal cable sent out to State Department employees and embassies worldwide, the State Department asked employees to report on "any perceived discriminatory actions taken against Christians or employees advocating on their behalf between January 2021 and January 2025."[5] The request asked for details, "including names, dates, location (e.g., post or domestic office) where the incident occurred."[6]

25. The cable further indicated that if discrimination was found, the culprits may be disciplined.[7]

26. Based on publicly available materials, it does not appear that the State Department has prescribed clear criteria for employees to use when identifying policies, procedures, or understandings that are "perceived" as discriminatory or hostile to Christian views.

---

[4] *See, e.g.*, David Masci, *Where Major Religious Groups Stand on Abortion* (June 21, 2016), https://www.pewresearch.org/short-reads/2016/06/21/where-major-religious-groups-stand-on-abortion/; Michael Lipka & Patricia Tevington, *Attitudes About Transgender Issues Vary Widely Among Christians, Religious 'Nones' in U.S.* (July 7, 2022), https://www.pewresearch.org/short-reads/2022/07/07/attitudes-about-transgender-issues-vary-widely-among-christians-religious-nones-in-u-s/.
[5] *See* Lee, *supra* note 1.
[6] *See* Gramer & Toosi, *supra* note 3.
[7] *See* Lee, *supra* note 1.

27. According to media reports, the State Department cable provided some examples of the type of conduct that could allegedly reflect "anti-Christian" bias. These included "actions taken" against someone who requested religious accommodations, such as exemptions from "taking mandatory vaccines" or "observing religious holidays."[8] The State Department also referenced "mistreatment for refusing to participate in events and activities that promote[] themes inconsistent with or hostile to one's religious beliefs, including policies or practices related to preferred personal pronouns."[9]

28. As far as public reporting shows, the State Department did not provide a framework for how it would assess intent and context, administer sanctions, define "mistreatment" or hostility toward Christians, or verify the accuracy of the reported events. Without additional information, the general public lacks clarity on how the State Department will evaluate and respond to reported instances of bias.

29. The general public similarly lacks clarity on how the State Department will determine whether specific policies or practices are hostile to religious beliefs or otherwise reflect anti-Christian bias.

30. Because the State Department is focusing solely on allegations of anti-Christian bias, its actions also raise concerns about denominational favoritism and potential discrimination against non-Christian and non-religious beliefs or individuals.

---

[8] *State Department Wants Staff to Report Alleged Anti-Christian Bias During Biden's Term*, CBS News (Apr. 14, 2025), https://www.cbsnews.com/news/trump-rubio-state-department-anti-christian-bias-biden/.
[9] *Id.*

### C. Plaintiff's FOIA Request

31. On May 8, 2025, Americans United submitted a FOIA request to the State Department using the agency's online portal. A copy of this request is attached as **Exhibit A** ("FOIA Request").

32. The FOIA Request sought disclosure of data and documents related to ostensible instances of anti-religious or anti-Christian bias within the State Department, as well as records describing the State Department's response to Executive Order 14202.

33. The requested records will improve public understanding of government conduct, including, among other things, the prevalence of allegations of religious bias within the State Department, the agency's response to allegations of religious discrimination, and how the State Department is defining and investigating anti-Christian bias.

34. Americans United requested a fee waiver as a member of the news media and because disclosure of the requested records is in the public interest, pursuant to 5 U.S.C. § 552(a)(4)(A)(iii).

35. The State Department acknowledged receipt of the FOIA Request in an email dated May 8, 2025, and assigned the request number F-2025-17273.

35. On May 28, the State Department denied Americans United's request for a full fee waiver under 5 U.S.C. § 552(a)(4)(A)(iii). A copy of this denial letter is attached as **Exhibit B**.

36. In the denial letter, the State Department claimed that Americans United had failed to meet the public interest standard set forth in the State Department's governing regulation. Ex. B. 1. Under the relevant regulation, the State Department "must furnish records responsive to a [FOIA] request without charge or at a reduced rate" if it determines that disclosure is "likely to contribute significantly to public understanding" of government operations or activities and is not

7

"primarily in the commercial interest of the requester." 22 C.F.R. § 171.16(j)(2). The denial letter did not analyze or explain why the FOIA Request was not in the "public interest" under this standard.

37. The denial letter acknowledged that Americans United was a member of the news media. It agreed to waive fees for "search or review" and to "provide the first 100 pages of duplication (or equivalent) free of charge." Ex. B 2.

38. The State Department further asserted that it could not respond within twenty business days, as required by 5 U.S.C. § 552(a)(6)(A)(i), due to "usual circumstances," including the "need to search for and collect requested records from other Department offices or Foreign Service posts." Ex. B 1; *see also* 5 U.S.C. § 552(a)(6)(B)(i) (permitting agencies to extend the statutory response deadline for up to ten working days under unusual circumstances).

39. Finally, the State Department asked Americans United to confirm its willingness to pay "the direct costs of duplication for a minimum of two productions totaling $62.50." Ex. B. 2. The denial letter stated that if Americans United did not respond by June 27, 2025, the State Department would administratively close the FOIA Request.

40. On June 20, 2025, Americans United timely appealed the fee waiver denial. A copy of the appeal is attached as **Exhibit C**.

41. In its appeal, Americans United explained that it is entitled to a fee waiver because the requested records concern government operations and will contribute significantly to public understanding of those operations, and the FOIA Request is not primarily in Americans United's commercial interest. Ex. C.

42. On that same day, Americans United responded to the fee waiver denial via email. In this email, Americans United explained that it had appealed the fee waiver denial, but that it

8

was willing to pay the direct costs of duplication for a minimum of two productions, totaling $62.50, if its appeal was denied. A copy of this email correspondence is attached as **Exhibit D**.

43. On June 30, the State Department notified Americans United by email that the FOIA Request had been closed, stating that a letter would follow by mail. Ex. D 2.

44. Americans United did not receive further explanation of this closure by email or regular mail.

45. On July 3, Americans United emailed the State Department requesting that it reopen the FOIA Request. Americans United explained that it had submitted a timely response in advance of the June 27 deadline. The email requested an explanation of the closure and reiterated Americans United's consent to pay the requested fee of $62.50 if its appeal was denied. Ex. D 2.

46. On July 8, the State Department notified Americans United via email that the FOIA Request had been reopened and had been updated to an "In Process" status in the State Department's online portal. Ex. D 1.

47. The State Department acknowledged receipt of Americans United's appeal of the fee waiver denial via email on July 25 and assigned it the processing number F-2025-17273. Ex. D 1.

48. As of the date of filing, Americans United has not received any further correspondence from the State Department in relation to its appeal of the fee waiver denial.

49. As of the date of filing, the State Department has not made any substantive determination with respect to the FOIA request.

50. Plaintiff has exhausted its administrative remedies with respect to the FOIA Request because the State Department failed to comply with the FOIA's time limit provisions. *See* 5 U.S.C. § 552(a)(6)(A).

**CLAIM FOR RELIEF**

51. Plaintiff repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

52. Plaintiff has a legal right under the FOIA to obtain the specific records sought in the FOIA Request.

53. Defendant was required to notify Plaintiff the agency's determination within thirty working days after receiving the request. *See* 5 U.S.C. §§ 552(a)(6)(A), (a)(6)(B).

54. Defendant violated the law by failing to respond to the FOIA Request in a timely manner, to conduct a reasonable search for records responsive to the FOIA Request, and to promptly make the requested records available to Plaintiff. 5 U.S.C. § 552(a).

55. Defendant currently has possession, custody, or control of the requested records.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that this Court:

1. Declare that Defendant violated the FOIA by unlawfully withholding the requested records;

2. Order Defendant to conduct a reasonable search for the requested records and to disclose them to Plaintiff in their entireties and requested format as soon as practicable;

3. Review any and all of Defendant's decisions to redact or withhold information in the requested record as exempt from disclosure;

4. Award Plaintiff costs and reasonable attorneys' fees in this action as provided in 5 U.S.C. § 552(a)(4)(E); and

5. Grant other such relief as the Court may deem just and proper.

<u>Dated</u>: August 5, 2025          Respectfully submitted,

/s/ Alexandra Zaretsky

Alexandra Zaretsky* (D.D.C. Bar No. NY0434)
AMERICANS UNITED FOR SEPARATION
OF CHURCH AND STATE
1310 L Street NW, Suite 200
Washington, DC 20005
zaretsky@au.org
(202) 898-2145

*Not a member of the D.C. Bar. Authorized to practice before federal courts pursuant to D.C. App. Rule 49(c)(3).*